# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL GARCIA,**

      **Plaintiff,**

**v.**                                                                             **Civil Action No: 2:10cv52**
                                                                                  **(Judge Maxwell)**

**LT. JG. T. THOMASON, RDA,**
**DR. R.H. LONG, D. D. S.,**
**MS. BORAM, Health Service Administrator.**

      **Defendants.**

## REPORT AND RECOMMENDATION

On April 16, 2010, the *pro se* plaintiff, Daniel Garcia, initiated this civil rights action. On May 26, 2010, the plaintiff was granted leave to proceed *in forma pauperis*, with his initial partial filing fee due within twenty-eight days. On June 7, 2010, the Court received the plaintiff's initial partial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e).[1]

### I. Complaint

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
      (B) the action or appeal-
            (I)   is frivolous or malicious;
            (ii)  fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

In the complaint, the plaintiff alleges that on June 11, 2008, he submitted to the Dental Department of FCI-Gilmer a triage request for dental service claiming that his teeth were hurting and that some of his fillings came out. The plaintiff alleges he made the same request on August 14, 2008 and February 26, 2009. On October 21, 2009, the plaintiff contends that Dr. Long, D. D. S., indicated that since there was an infection, swelling, and decaying of the tooth, it should be extracted. On December 15, 2009, the plaintiff requested dental services again and received a "watch for call-out" response. The plaintiff further alleges that there was no placement on the call out. On February 5, 2010, the plaintiff claims he submitted a triage request stating that he submitted a sick-call request for five months and was told to "watch for call-out."

The plaintiff has complained of pain and swelling of the gums and his face. The plaintiff alleges that since FCI-Gilmer does not have a full-time or part-time dentist, he faces continuing pain. The plaintiff further claims that Ms. Boram has not procured the services of a full-time dentist and Ms. Thomason treated the plaintiff's complaint as a nuisance.

For relief, the plaintiff requests a transfer to an outside professional for the necessary dental examination and to receive treatment to alleviate the pain. The plaintiff further requests that Boram find and hire a dentist and technicians for the Dental Department of FCI-Gilmer. If the above requests are not granted, the petitioner requests that the Court order Mr. Harley Lappin, Director of the Federal Bureau of Prisons, to dismiss and replace Thomason and Boram.

## II. **Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's complaint against the defendants has no chance for success because he failed to exhaust his administrative remedies. Therefore, the undersigned recommends that this case be dismissed.

### III. Analysis

**A. Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

---

[2] Id.

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Morgantown, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, the plaintiff admits that his administrative remedies are not exhausted. (Dckt. 1, p. 2).[3] Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED without prejudice** for failure to exhaust his administrative remedies.

---

[3] The plaintiff is acting under the misapprehension that exhaustion of administrative remedies is not required because he is seeking preventive relief. As support for this position, the plaintiff cites 42 U.S.C. § 2000a(3). However, 42 U.S.C. § 2000(a) prohibits discrimination or segregation in places of public accommodation, which do not include prisons. Douglas v. U.S. Attorney General, 404 F. Supp. 1314 (WD Okla 1975). Furthermore, nothing in 42 U.S.C. § 2000a(3) can be read as relieving a prisoner of the requirements of the PLRA.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 16, 2010

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE